*604
 
 By the Court.
 

 This is an action by a husband and wife against an administrator of the estate of a decedent, for “care, room and board” of decedent, upon an express contract of decedent to pay for “such service, room and board.” The plaintiffs having pleaded a joint service and a contract in their joint favor, neither plaintiff was entitled to testify of the contract to pay for the service, room, and board. The contract, therefore, like most parol contracts in such cases, was proved, or attempted to be proved, by the circumstances and by the admissions of the decedent. The case was tried to a jury, and a verdict rendered for the plaintiffs. A
 
 remittitur
 
 was consented to, and a judgment entered upon the verdict. Upon error to the Court of Appeals, the judgment was reversed upon the grounds that the trial court erred in not directing a verdict for misjoinder of parties plaintiff and for error in the admission of evidence.
 

 The evidence of express contract was, to say the least, • meager, and rested upon circumstances and admissions of the decedent which tended to prove a recognition on his part of a duty and an intention to pay the plaintiffs for the service, board, and lodging, which the evidence amply shows they furnished. The evidence would sustain a separate verdict in favor of either or each plaintiff upon separate implied contracts; but, since the claims of plaintiffs would be several upon such implied contracts, the obligation for care and service running to the wife and that for board and lodging running to the husband, before the judgment of the court of common pleas in this joint action by the plaintiffs in error can be sustained, some evidence must
 
 *605
 
 be found in the record -which tends to prove that there was an express contract between the decedent, on the one hand, and the two plaintiffs, on the other ; for it was the privilege of the decedent to enter into a contract with the plaintiffs for care by the wife and for board and lodging by the husband, upon a single obligation to both, upon which this joint action could be maintained.
 

 The evidence tended to prove that the decedent bad admitted “that he expected to compensate them”; “that father and mother * * * would be well paid.” This language tended to prove that the decedent recognized the obligation as in favor of the plaintiffs jointly, and would reasonably support an inference that that had occurred between the decedent and the plaintiffs which would create the obligation in their joint favor, to wit, that an express contract had been entered into.
 

 The expert evidence of the witness Ellsworth was answered after the witness had testified, not only that he had personal knowledge of the decedent, of the home of the plaintiffs, of the decedent in the home of the plaintiffs, that he was generally acquainted in the neighborhood of the home of the plaintiffs, that he knew the prevailing charge for board and lodging in that neighborhood, that he had at one time operated a hospital in another locality, and had during the time in question cared for patients in his own home, but also that he was acquainted with the charges made in that vicinity for the care of aged and infirm people. This fairly qualified him to answer the inquiry as to the reasonable value of the care, board, and lodging of the person described in the hypothetical question pro
 
 *606
 
 pounded to him. While the fact that this witness was a physician did not entitle him to testify as an expert on that subject, neither did it disqualify him from so testifying:
 

 The judgment of the Court of Appeals is reversed and that of the court of common pleas affirmed.
 

 Judgment of the Court of Appeals reversed, and that of the common pleas affirmed.
 

 Marshall, C. J., Robinson, Matthias, Day and Allen, JJ., concur.
 

 Kinkade, J., not participating.